IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DEMETRIUS GRAY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:22-cv-1123-DWD |
| | ) |
| NATHAN WHEAT, CHARLES EDMONDS, CHALENE HALE, and DAVID MITCHELL, | ) ) ) |
| | ) |
| Defendants. | ) |

### MEMORANDUM & ORDER

**DUGAN, District Judge:**

Before the Court is a Letter from Plaintiff that requests the reopening of this case. (Doc. 74). Defendants filed a Response in Opposition to, and Plaintiff filed a Reply in Support of, that request. Plaintiff also filed a Motion for the Appointment of Counsel. (Doc. 78). For the reasons explained below, Plaintiff's request to reopen the case is **DENIED** and the Motion for the Appointment of Counsel is **DENIED as moot**.

On August 29, 2023, the parties proceeded to merits discovery. (Doc. 41). The deadline to complete that discovery was subsequently extended on July 29, 2024. (Doc. 68). However, before the lapse of the September 27, 2024, discovery deadline, Defendants filed a Motion to Dismiss or, in the Alternative, to Continue the Discovery Deadline and a Motion to Stay the Dispositive Motions Deadline. (Docs. 69 & 70). After receiving those Motions, the Court entered the following Order to Show Cause on October 28, 2024:

> ORDER TO SHOW CAUSE. On July 29, 2024, the Court extended the deadlines for discovery and dispositive motions in light of the representation that Plaintiff was attempting to hire private counsel now

> that he is no longer incarcerated. (Doc. 68). Plaintiff purportedly made that representation to Defendants prior to the taking of his deposition. (Doc. 68). The deposition was terminated before Plaintiff was sworn. (Doc. 68). The discovery deadline was reset for September 27, 2024, and the dispositive motion deadline was reset for October 28, 2024. (Doc. 68). Thereafter, on September 25, 2024, Defendants filed a Motion to Dismiss or, in the Alternative, to Continue the Discovery Deadline, indicating they contacted Plaintiff on September 10, 2024, to assess whether he hired counsel, whether he still planned to do so, and whether he could be deposed. (Doc. 69). Defendants did not receive a response from Plaintiff. (Doc. 69). Further, Plaintiff did not file a Response to that Motion, and the deadline for doing so has now lapsed. Now, in a Motion to Stay the Dispositive Motion Deadline, Defendants seek to stay the dispositive motion deadline because Plaintiff still "has not filed a response or contacted undersigned counsel." (Doc. 70). In light of this procedural posture, which indicates Plaintiff did not participate in discovery by making himself available to be deposed before the lapse of the operative deadline, communicate with Defendants' attorney, or respond to motions in a timely fashion, Plaintiff is **ORDERED TO SHOW CAUSE** as to why the Court should not grant Defendants' request (Doc. 69) to dismiss this action for a failure to prosecute under Federal Rule of Civil Procedure 41(b). *See* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b)…operates as an adjudication on the merits."); *see also James v. McDonald's Corp.*, 417 F.3d 672, 681 (7th Cir. 2005) ("A district court has the authority under Federal Rule of Civil Procedure 41(b) to enter a sua sponte order of dismissal for lack of prosecution."). The Response to the Order to Show Cause is due by November 19, 2024. Plaintiff is **WARNED** that the failure to respond to this Order to Show Cause will result in a dismissal for a failure to prosecute under these authorities. In the meantime, Defendants' Motion to Stay is **GRANTED** and the dispositive motion deadline is **STAYED**.

(Doc. 71).

Plaintiff did not respond to the Order to Show Cause. As a result, the Court entered an Order Dismissing Case With Prejudice on November 22, 2024, in part stating:

> On October 25, 2024, Defendants sought to stay the dispositive motion deadline because Plaintiff still "ha[d] not filed a response or contacted undersigned counsel." (Doc. 70). In light of that procedural posture, which indicated Plaintiff did not participate in discovery by making himself

2

> available to be deposed before the lapse of the operative deadline, communicate with Defendants' attorney, or respond to motions in a timely fashion, Plaintiff was ordered to show cause as to why the Court should not grant Defendants' request to dismiss this action for a failure to prosecute under Federal Rule of Civil Procedure 41(b). (Docs. 69 & 71). Plaintiff was warned that the failure to respond to the Order to Show Cause would result in a dismissal of the action for want of prosecution. (Doc. 71). The deadline for responding to the Order to Show Cause has now lapsed without a response from Plaintiff, and he has not otherwise demonstrated an intent to continue prosecuting this action. Accordingly, Defendants' Motion to Dismiss or, in the Alternative, to Continue the Discovery Deadline is **GRANTED** and the action is **DISMISSED with prejudice**. *See* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b)...operates as an adjudication on the merits."); *see also Schroeder v. Malone*, 817 Fed. App'x 226, 226 (7th Cir. 2020) ("Dismissal for want of prosecution is presumptively with prejudice, [citation], but a district court may provide otherwise."). The Clerk of the Court is **DIRECTED** to enter judgment accordingly and to close the case.

(Doc. 72).

A Judgment was entered on that same date, and the case was closed. (Doc. 73).

On December 2, 2024, the Court received the Letter from Plaintiff, which it interprets as a request to reopen the case. (Doc. 74). Plaintiff informs the Court that he is now incarcerated at Dixon Correctional Center following a parole violation. (Docs. 74 & 75). Due to his hospitalization, a transfer of custody, and lockdowns at his facility, Plaintiff states he was unable to access the law library to write the Court. (Doc. 74). Plaintiff also suggests a lawyer is "suppose[d] to be taking [the] case." (Doc. 74).

In their Response, Defendants argue Plaintiff does not cite any legal authority for a reopening of the case or a reconsideration of the dismissal, with prejudice, under Federal Rules of Civil Procedure 59 or 60. (Doc. 77, pg. 1). Further, Defendants argue

Plaintiff's excuses do not account for the failure to "prosecute his case or meet his requirements during the five months between April and September 2024." (Doc. 77, pgs. 1-4). Those excuses, in Defendants' view, also do not adequately explain why Plaintiff "made no attempt to file anything with the Court or Defendants' counsel in the two and a half months following his September reincarceration." (Doc. 77, pgs. 1-4). In short, Defendants describe "a pattern of Plaintiff's failure to actively prosecute the case and multiple discrepancies in the timeline of why he contends he did not properly prosecute the case," which supports a denial of his request to reopen the case. (Doc. 77, pgs. 4-5). Finally, Defendants state it is not credible for Plaintiff to argue he hired an attorney whose name he cannot recall and who failed to appear for four months. (Doc. 77, pg. 2).

In his Reply in Support of the request to reopen the case, Plaintiff clarifies that he is proceeding under Rule 60(b)(1). (Doc. 79, pg. 1). Further, Plaintiff argues he has been in custody since September 7, 2024, and his mail was not forwarded to Dixon, Illinois. (Doc. 79, pg. 1). Plaintiff suggests he was not informed of the posture of the case until December 2024, which was after the entry of a Judgment of dismissal, with prejudice, for want of prosecution. (Docs. 73; 79, pg. 1). Plaintiff also notes he attempted to hire an attorney, he "struggles with literacy," and, after being released from the IDOC, "his mental health began to deteriorate due to his lacking mental health treatment and medication compliance on the outside of prison." (Doc. 79, pgs. 1-2). Lastly, Plaintiff argues his "claims are not frivolous or without merit, and his unintentionally missing a deadline does not demonstrate a pattern of delay and noncompliance." (Doc. 79, pg. 2).

Under Rule 60(b)(1), "[o]n motion and just terms, the court may relieve a party…from a final judgment, order, or proceeding for…mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). As its language suggests, Rule 60(b)(1) provides for relief in accordance with the Court's discretion. *See Robb v. Norfolk & Western Ry. Co.*, 122 F.3d 354, 357, 359 (7th Cir. 1997). Indeed, the Court's "decision to deny Rule 60(b) relief 'is entitled to great deference.' " *Id.* (quoting *Tobel v. City of Hammond*, 94 F.3d 360, 362 (7th Cir. 1996)); *see also In re Cook Medical, Inc.*, 27 F.4th 539, 542 (7th Cir. 2022) (Seventh Circuit noting "[w]e review a district court's denial of a Rule 60(b) motion under 'an "extremely deferential" abuse of discretion standard' " in light of "the settled understanding that Rule 60(b) relief is an 'extraordinary remedy' granted only in 'exceptional circumstances' "). The Court abuses its discretion only if no reasonable person could agree with its ruling. *Robb*, 122 F.3d at 357 (quoting *Tobel*, 94 F.3d at 362).

In the context of Rule 60(b)(1), a "mistake" or "inadvertence," capable of justifying relief, "typically involves a misunderstanding of the surrounding facts and circumstances." *See Eskridge v. Cook County*, 577 F.3d 806, 809 (7th Cir. 2009) (citing *McCormick v. City of Chicago*, 230 F.3d 319, 327 (7th Cir. 2000); *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995)). Moreover, when deciding whether a party has shown "excusable neglect," which may include conduct attributable to negligence if it is excusable, the Court is guided by the following principles:

> [T]he determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission. These include…the danger of prejudice…, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether

5

>it was within the reasonable control of the movant, and whether the movant acted in good faith.

*See Moje v. Fed. Hockey League, LLC*, 792 F.3d 756, 458-59 (7th Cir. 2015) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. L.P.*, 507 U.S. 308, 395 (1993)); *Robb*, 122 F.3d at 359; *see also Lewis v. School Dist. #70*, 523 F.3d 730, 740 (7th Cir. 2008) ("A finding of excusable neglect 'is not limited to situations where the failure to timely file is due to circumstances beyond the control of the filer,' [citation], but extends to some cases in which the delay is 'caused by inadvertence, mistake, or carelessness.' "); *Easley v. Kirmsee*, 382 F.3d 693, 698 (7th Cir. 2004) ("Although attorney carelessness can constitute 'excusable neglect' under Rule 60(b)(1)…inattentiveness to litigation is not excusable, no matter what the resulting consequences the attorney's somnolent behavior may have on a litigant.").

In view of the circumstances of this case, it is noteworthy that "*pro se* litigants do not enjoy 'unbridled license to disregard clearly communicated court orders' and are not entitled to a general dispensation from the rules of procedure or court-imposed deadlines." *De Falco v. Oak Lawn Pub. Libr.*, 25 Fed. App'x 455, 457 (7th Cir. 2001) (citing *Downs v. Westphal*, 78 F.3d 1252, 1257 (7th Cir. 1996)); *see also Mitchell v. Union Pac. R. Co.*, 501 F.3d 794, 796 (7th Cir. 2000) ("[W]e note that a litigant's pro se status does not afford license to disobey orders from this court."). The Seventh Circuit has stated: "Once a party invokes the judicial system by filing a lawsuit, it must abide by the rules of the court; a party can not decide for itself when it feels like pressing its action and when it feels like taking a break because '[t]rial judges have a responsibility to litigants to keep their court calendars as current as humanly possible.' " *GCIU Emp. Ret. Fund v. Chicago Tribune Co.*, 8

F.3d 1195, 1198–99 (7th Cir. 1993) (quoting *Kagan v. Caterpillar Tractor Co.*, 795 F.2d 601, 608 (7th Cir. 1986)); *accord James*, 417 F.3d at 681.

Here, as noted above, Plaintiff relies, in part, on his hospitalization, transfer of custody, and lockdowns at his facility to explain the reasons for his failure to prosecute the case. (Doc. 74). And it is true Plaintiff has remained reincarcerated following a stint in the hospital between September 7 and 11, 2024. (Docs. 74, pgs. 7-8; 77, pgs. 2-4). However, as Defendants correctly note in their Response, those explanations do not fully account for Plaintiff's conduct, as he was initially released from custody on January 19, 2024. (Docs. 61, pg. 1; 74, pg. 5). It was after that initial release from custody that Plaintiff, in or around July 2024, at a minimum, stopped communicating with Defendants about completing discovery and proceeding to dispositive motions. (Docs. 67, pg. 2; 69, pg. 2; 71; 72). Accordingly, Plaintiff's want of prosecution during that period was not attributable to his hospitalization, a transfer of custody, or lockdowns at any facility.

Further, Defendants' attorney's inability to contact Plaintiff during that period prompted the filing of Defendants' Motion to Dismiss or, in the Alternative, to Continue the Discovery Deadline and Motion to Stay the Dispositive Motions Deadline on September 25 and October 25, 2024, respectively. (Docs. 69 & 70). It was only after Plaintiff failed to respond to the former Motion, as well as the subsequent Order to Show Cause, which warned of the risk of a dismissal related to the failure to prosecute, that the Court entered the Order Dismissing Case With Prejudice and Judgment. (Docs. 71, 72, 73). In other words, that action was taken only after Plaintiff failed to take any required action to advance the case from July 2024 to November 19, 2024. (Doc. 72). And, even if Plaintiff

7

was hospitalized, reincarcerated, "struggl[ing] with literacy" or mental health, and/or subject to lockdowns for portions of that period, those explanations do not adequately explain Plaintiff's failure to simply file the required Notice of Change of Address, as he did previously, or to maintain even minimal communication with Defendants' attorney. *See Grayson-Morrow v. Marathon County*, No. 21-cv-124, 2023 WL 5607453, *1 (W.D. Wisc. Aug. 30, 2023) (recognizing, in the context of Rule 60(b)(1), "[a] party's failure to update his address when he was able to do so does not qualify as excusable neglect"); (Docs. 4, 13, 14, 61, 79, pgs. 1-2). Such action likely would have avoided the current circumstances.

For these reasons, the Court cannot find Plaintiff's negligent conduct, resulting in the Order Dismissing Case With Prejudice and Judgment (Docs. 72 & 73), is excusable under Rule 60(b)(1). *See Leday v. Meredith*, No. 8-cv-1702, 2010 WL 3718012, *2-3 (S.D. Ind. Sept. 13, 2010) (holding the *pro se* plaintiff's arguments were insufficient to warrant the "extraordinary relief" under Rule 60(b) because they were not indicative of "anything other than carelessness, neglect, or a lack of diligence," where, *inter alia*, the court was "skeptical" of her claim that she "did not fully appreciate" the importance of complying with court orders and deadlines as a result of having initiated the action without an attorney, such a claim would not excuse her failures if true, and she did not explain why, after being warned that the failure to respond to an order to show cause would result in a dismissal of the action, she did not appreciate the importance of deadlines by responding to the order to show cause). Therefore, Plaintiff's request to reopen the case is **DENIED** and the Motion for the Appointment of Counsel is **DENIED as moot**.

**SO ORDERED.**

Dated: February 14, 2025

s/ *David W. Dugan*
_____
DAVID W. DUGAN
United States District Judge
